UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:13-CV-211-TBR

GLENN D. ODOM, II,                                                                                   PLAINTIFF

v.

TABITHA THOMPSON, *et al.*,                                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on motions *in limine* by both Defendant Hobert Huddleston, [R. 115], and Plaintiff Glenn D. Odom II, [R. 121]. Huddleston moves the Court to: (1) prohibit Odom from calling any witnesses other than himself, (2) prohibit Odom from introducing any evidence of damages, and (3), in the alternative to the second motion, limit the total amount of damages recoverable by Odom to $15,000.00. [R. 115 at 1.] Odom responded, [R. 123], and Huddleston replied, [R. 128]. Odom moves the Court to exclude evidence, substance, and details of Odom's criminal convictions and his disciplinary history in prison. [R. 121 at 1.] Huddleston responded, [R. 126], and the time for Odom to reply has passed. For the reasons explained below, all three of Huddleston's Motions *in Limine*, [R. 115], are **DENIED**. Odom's Motion *in Limine*, [R. 121], is **GRANTED**.

## BACKGROUND

The general facts of this case are described in the Court's prior opinion, *Odom v. Thompson, et al.*, No. 5:13-CV-211-TBR, 2017 WL 1102701, at *1-2 (W.D. Ky. March 23, 2017). Briefly, Odom, an inmate incarcerated at Kentucky State Penitentiary, brings this Eighth Amendment failure-to-protect claim under 42 U.S.C. § 1983 against Unit Administrator Huddleston after his cell door was opened at the same time as that of another inmate, Michael

Force, who then stabbed Odom nine times with a metal "shank." *See Odom*, 2017 WL 1102701, at *2.

## STANDARD

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

## DISCUSSION

The Court will address each party's motions *in limine* in turn.

### I. Huddleston's Motions *in Limine*

Defendant Huddleston brings three motions *in limine*. First, Huddleston moves to prohibit Odom from calling any witnesses at trial other than Odom. [R. 115 at 4 (Huddleston Motion *in Limine*).] Second, Huddleston moves to prohibit Odom from introducing evidence of

damages of any kind or amount. [*Id*. at 6.] Lastly, and in the alternative to the second motion, Huddleston asks the Court to limit the total damages recoverable by Odom to $15,000.00. [*Id*. at 7-8.]

### A. Motion to Prohibit Odom from Calling Any Witness Other Than Himself

Huddleston first moves the Court to "[p]rohibit the Plaintiff from calling witnesses, other than himself, at the trial of this matter" under the authority of Federal Rule of Procedure 37(c)(1) due to Odom's failure to identify witnesses he intends to call at trial. [*Id*. at 3-5.] In response, Odom states that, as a pro se defendant, his reference to different people involved with the matter at hand in documents produced in discovery should have been sufficient to alert Huddleston of possible witnesses. [R. 123 at 2 (Odom Response).]

As cited by both parties, Rule 26(e) provides:

> (1) *In General.* A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
>
> > (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> >
> > (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1)(A-B). Where a party fails to disclose or supplement an earlier response, Rule 37(c) provides:

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c). To determine whether the failure to disclose was "harmless," the Sixth Circuit considers five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014)). "[The] Advisory Committee Notes to [the] 1993 Amendments (including Rule 37(c)(1)) . . . strongly suggest[ ] that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Id*. at 747 (quoting *Vance ex rel. Hammons v. United States,* 182 F.3d 920, at *5 (6th Cir.1999)). "The distinct purpose of the initial disclosure is to alert the opponent to the existence of a witness whose testimony may be helpful to the disclosing party." *Jackson v. Herrington*, No. 4:05-CV-00186-JHM, 2011 WL 1750800, at *2 (W.D. Ky. May 6, 2011) (McKinley, J.) (quoting *El Camino Res., LTD v. Huntington Nat'l Bank,* 2009 WL 1228680, at *3 (W.D. Mich. April 30, 2009)). Huddleston asserts that Odom failed to prove that his failure to notify Huddleston of his witnesses under Rule 26 was justified or harmless. [R. 128 at 6 (Huddleston Reply).] The Court disagrees in part.

As this time, the Court finds that Huddleston has sufficient notice of ten of the witnesses listed by Odom: Hobert Huddleston, Randy White, Daniel Hines, Dennis Yeager, Tabitha Thompson, Glenn Odom, Virgil Hughes, Officer Simms, Robert Clifford, and Michael Force.

Huddleston listed five of those individuals in his own witness list. [R. 114 at 1-2 (Huddleston Witness List) (Listing Hobert Huddleston, Randy White, Daniel Hines, Dennis Yeager, and Tabitha Thompson).] This implies that Huddleston was aware of these individuals and their relevance to the case. *See Jackson*, 2011 WL 1750800, at *3 (holding that the non-disclosure of twelve witnesses was harmless because "[p]laintiff was aware of their existence and the fact that they had relevant discoverable information.") There should be little surprise to Huddleston as for the other five witnesses because they were listed in the facts of the Complaint, [*See* R. 1 at 4-22]. Even still, the Court seeks more information in order to properly apply the *Howe* factors. The necessity and possible redundancy of these ten witnesses shall be discussed by the parties during the teleconference on December 21, 2017. During the teleconference, the parties will also discuss the necessity of the additional forty-three witnesses listed by Odom that "may be needed to authenticate documents or to address issues raised by the defense." [R. 116 at 4-8 (Odom Witness List).] Thus, for now, Huddleston's motion to prohibit all witnesses except the plaintiff is denied with leave to refile.

### B. Location of the Trial

In arguing the previous motion, Huddleston mentions the inconvenience and complications involved with the trial being transferred from Paducah to Louisville. [R. 115 at 5; R. 128 at 5.] The Court acknowledges this argument, and it will take into consideration whether the trial shall be held in Louisville or Paducah.

### C. Motion to Prohibit from Introducing Evidence of Damages

Huddleston also moves to prohibit Odom from introducing evidence of damages of any kind or amount, [R. 115 at 6], or, in the alternative to the second motion, limit the total damages recoverable by Odom to $15,000.00, [*Id.* at 7-8]. Odom responds that his statement of categories

and amounts of damages in the Complaint was sufficient to serve as a disclosure of damages to Huddleston. [R. 123 at 3-4.]

More specifically, Huddleston argues that, under Rule 37(c)(1), Odom should not be permitted to provide evidence of damages due to his failure to answer or supplement Huddleston's requests to provide calculations of his damages to be claimed at trial. [R. 128 at 6.] Furthermore, Huddleston claims Odom later changed the initial calculation of damages listed in the Complaint from $100,000.00 in compensatory damages and $100,00.00 in punitive damages to a range of $15,000.00 to $45,000.00. [*Id*. at 7.] The Court disagrees with both of these assertions.

At the outset, the Court must correct Huddleston's misconception of Odom's statement in his Responses to Discovery Requests regarding a possible range for a *settlement* amount. [R. 122-2 at 3 (Plaintiff Response to Discovery Requests).] Even in the section quoted by Huddleston, it is clear that Odom meant that he would consider a *settlement* offer between $15,000.000 and $45,000.00, not that he now calculated his damages to be that amount. [*Id*. ("He stated he would 'value any potential *settlement* between $15,000 and $45,000[.]'") (emphasis added).] As Odom points out, a suggestion of an amount for settlement is clearly different from a calculation of damages. *See, e.g., Smith v. Phillips & Jordan, Inc.*, No. 10-134-ART, 2011 WL 250435, at *2 (E.D. Ky. Jan. 24, 2011) ("[T]he amount that a party demands to settle a case is not especially strong evidence of the amount in controversy."). Therefore, the Court will disregard Huddleston's claim that Odom attempted to change the settlement amount.

In regards to Huddleston's main argument, the Court finds the type of damages specific to the matter at hand decisive in denying Huddleston's motion. As Huddleston cites in his motion, the Sixth Circuit stated in *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transport*

that the test under Rule 37(c) is simple: "the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Bessemer*, 596 F.3d 357, 370 (6th Cir. 2010). Many courts have found that "[b]ecause 'non-economic damages based on pain and suffering . . . are generally not amenable to the type of disclosures contemplated by Rule 26(a)(1)(A)(iii),'" a party's failure to disclose a calculation for damages is substantially justified or, in the words of *Bessemer*, it qualifies as "a reasonable explanation." *Scheel v. Harris*, No. 3:11-17-DCR, 2012 WL 3879279, at *7 (E.D. Ky. Sept. 6, 2012); *see also Evenson v. Palisades Collection, LLC,* No. 2:13-CV-1226, 2014 WL 5089429, at *4 (S.D. Ohio Oct. 9, 2014) (collecting cases). Furthermore, "[p]unitive damages, like damages for emotional suffering, are not amenable to the requirements of Rule 26(a)(1)(A)(iii)." *Scheel*, 2012 WL 3879279, at *7. In the matter at hand, Odom seeks both compensatory and punitive damages. Unlike the cases cited by Huddleston involving readily calculable damages for lost profits and wages,[1] the matter at hand involves non-economic damages Odom suffered after being stabbed in prison, as well as punitive damages. Therefore, Huddleston's motion to prohibit Odom from presenting evidence of damages is denied.

### D. Limiting the Amount of Damages

As the Court disagrees with Huddleston's interpretation of Odom's settlement offer as a new calculation of damages, it finds that limiting Odom's damages to no greater than a total of $15,000.00 would be inconsistent with the damages estimated by Odom. Thus, Huddleston's motion to limit damages is denied.

### II. Odom's Motion *in Limine*

---

[1] *See Commonwealth Motorcycles, Inc. v. Ducati North America, Inc.*, No. 3:16-CV-002, 2017 WL 3701192, at * 1-4 (E.D. Ky. Aug. 25, 2017) (involving damages for profits, labor, and improper payments that were readily computable but the plaintiffs changed the categories and amounts); *Bessemer*, 556 F.3d at 369 (involving lost profit damages that could have been supported by "standard accounting records that are clearly maintained and available").

In his single motion *in limine*, Odom moves the Court to "exclude any evidence, references to evidence, testimony, or argument regarding the substance and details of Odom's criminal convictions or his prison disciplinary history" pursuant to Federal Rules of Evidence (FRE) 403, 404(b)(1), and 609(a)(1). [R. 121 at 1 (Odom Motion *in Limine*).] For the most part, Huddleston does not challenge Odom's arguments. [R. 126 at 1 (Huddleston Response).] However, Huddleston responds that if Odom raises the issue of his character, Huddleston will be required to respond with rebuttal evidence. [*See* R. 126 at 1-3.]

As Huddleston does not dispute Odom's arguments in his motion *in limine*, which assert that Odom's criminal and disciplinary record should not be used against Odom as evidence of his character,[2] the only issue left to decide is whether Huddleston should be permitted to present rebuttal evidence if Odom raises the issue of his character. For impeachment purposes, it is possible that evidence of a criminal conviction could be admitted under Rule 609(a)(1)(A).[3] Furthermore, "[w]hen a party offers evidence of his good character, he opens the door for the opponent to admit rebuttal evidence of his prior bad acts." *Helfrich v. Lakeside Park Police Dep't*, 497 F. App'x 500, 509 (6th Cir. 2012) (citing *United States v. Savoca,* 151 F. App'x 28, 30 (2d Cir.2005)). To the extent Huddleston argues that he should be able to present rebuttal evidence if Odom "opens the door," the Court reserves judgment on such rebuttal character evidence until the issue arises at trial. If such a circumstance occurs, Huddleston's counsel should approach the bench before introducing rebuttal evidence.

---

[2] [*See* R. 126 at 1.]
[3] Rule 609(a)(1)(A) states:
    (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
        (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
            (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant

**CONCLUSION**

The Court having considered the parties' arguments and being otherwise sufficiently advised, **IT IS HEREBY ORDERED**:

(1) Huddleston's Motion *in Limine* to prohibit Odom from calling any witnesses other than himself, [R. 115], is **DENIED with leave to refile**.

(2) Huddleston's Motion *in Limine* to prohibit Odom from introducing any evidence of damages, [R. 115], is **DENIED**.

(3) Huddleston's Motion *in Limine* to, in the alternative to the second motion, limit Odom's amount of damages to $15,000.00, [R. 115.] is **DENIED**.

(4) Odom's Motion *in Limine* to exclude evidence, substance, and details of Odom's criminal convictions or his prison disciplinary history, [R. 121], is **GRANTED**.

**IT IS SO ORDERED**.


cc: Counsel