
FILED
VANESSA L. ARMSTRONG, CLERK
JAN 09 2018
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00211-TBR

# GLENN D. ODOM, II

v.

# HOBERT HUDDLESTON

# JURY INSTRUCTIONS

# INTRODUCTION

Members of the jury, it is now time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror: The first is to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job—not mine. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you and to apply it to the facts. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial and these instructions now. All of the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as I give it to you, and reach a just verdict, regardless of the consequences.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

You are to consider only the evidence in the case. Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to. Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

You are required to evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law-enforcement officer.

You have heard the testimony of the plaintiff, Mr. Odom. You have also heard that before this trial, Mr. Odom was convicted of a crime. This conviction was brought to your attention only as one way of helping you decide how believable his testimony was. Do not use it for any other purpose. It is not evidence of anything else.

You may consider other things that you think shed some light on the witness's

believability. Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

Some of you have taken notes during the trial. You may use any notes taken by you during trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not your notes. You should not be influenced by another juror's notes.

When you go to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your discussions and will speak for you here in Court. You will take these instructions to the jury room. When you have reached a unanimous agreement, your foreperson will complete, date, and sign your answers. Nothing I have said or done is intended to suggest what your verdict should be. That is entirely for you to decide.

Once you start deliberating, do not talk to the marshal or to anyone else, except each other, about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the marshal. The marshal will give them to me, and I will respond as soon as I can. I may have to talk to the parties about what you have asked, so it may take some time for me to get back to you.

One more thing about messages: Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

Your verdict or answer to any question must be unanimous. That is, all eight (8) members of the jury must agree on any answer to the question and on the verdict. It is your duty as jurors to discuss this case and to try to reach an agreement. You must each decide the case for yourself, but only after you have considered all of the evidence, discussed it fully with your fellow jurors, and listened to the views of the other jurors. Do not be afraid to change your opinion if the discussion persuades you that you should. But do not make a decision simply because other jurors think that it is right, or simply to reach a verdict. Your sole interest is to seek the truth from the evidence.

# INSTRUCTION NO. 1

The term "preponderance of the evidence" is used many times in these instructions and deserves some explanation before addressing the claims involved in the case. To establish something by a "preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true. It does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been established by a preponderance of the evidence in the case, you may—unless otherwise instructed—consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases, such as this one. Therefore, you should disregard it.

# INSTRUCTION NO. 2

Under the Eighth Amendment to the United States Constitution, a prisoner has the right not to be subjected to cruel and unusual punishment. The Plaintiff, Glenn D. Odom, II, a prisoner at the Kentucky State Penitentiary alleges that Defendant Hobert Huddleston, a prison official, violated his constitutional rights. Mr. Huddleston denies he deprived Mr. Odom of his Eighth Amendment rights. Mr. Odom bears the burden of proof on his claim.

In order to establish a violation of his rights under the Eighth Amendment, Mr. Odom must prove by a preponderance of the evidence:

(1) There was a substantial risk of serious harm to Mr. Odom — namely, a substantial risk that Mr. Odom would be attacked by another inmate;

(2) Mr. Huddleston was deliberately indifferent to that risk; and

(3) Mr. Huddleston's deliberate indifference to a known risk caused injuries to Mr. Odom.

I will now proceed to give you more details on the second of these three requirements. To show deliberate indifference, Mr. Odom must show that Mr. Huddleston knew of a substantial risk that Mr. Odom would be attacked, and that Mr. Huddleston disregarded that risk by failing to take reasonable measures to deal with it.

Mr. Odom must show that Mr. Huddleston actually knew of the risk. Mr. Odom need not prove that Mr. Huddleston knew precisely which inmate would attack Mr. Odom, so long as Mr. Odom shows that Mr. Huddleston knew there was an obvious, substantial risk to Mr. Odom's safety.

If a prison official knew of facts that he strongly suspected to be true, and those

facts indicated a substantial risk of serious harm to an inmate, the official cannot escape liability merely because he refused to take the opportunity to confirm those facts. But keep in mind that mere carelessness or negligence is not enough to make an official liable. It is not enough for Mr. Odom to show that a reasonable person would have known, or that Mr. Huddleston should have known, of the risk to Mr. Odom. Mr. Odom must show that Mr. Huddleston actually knew of the risk. However, if Mr. Odom proves that there was a risk of serious harm to him and that the risk was obvious, you are entitled to infer from the obviousness of the risk that Mr. Huddleston knew of the risk.

# INSTRUCTION NO. 3

If you find for the Plaintiff, Glenn Odom, under Instruction No. 2, then you must determine the amount of money that will fairly compensate him for any damages you find he sustained as a result of the conduct of Defendant Hobert Huddleston. These damages are called "compensatory damages." Mr. Odom must establish his compensatory damages by a preponderance of the evidence.

You may only award damages for injuries "proximately caused" by the act, or failure to act, of Mr. Huddleston as described in Instruction No. 2. An injury or damage is "proximately caused" by an act, or a failure to act, whenever it appears from the evidence that the act or omission played a substantial part in bringing about, or actually causing, the injury or damage to the plaintiff, and that the plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

If you decide to award Mr. Odom compensatory damages, your award must be based on evidence and not speculation or guesswork. Compensatory damages include both physical and mental aspects of injury, even if they are not easy to measure. You should consider the physical, mental, and emotional pain and suffering Mr. Odom has experienced and is reasonably certain to experience in the future; the nature and extent of the injury; and whether the injury is temporary or permanent. No evidence of the dollar value of physical, mental, or emotional pain and suffering needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are simply to determine the amount that will fairly compensate Mr. Odom for the injury he sustained.

# INSTRUCTION NO. 4

If you find for the Plaintiff, Glenn Odom, under Instruction No. 2, but you find he has no "compensatory damages," as discussed in Instruction No. 3, then you must return a verdict for Mr. Odom in the nominal amount of one dollar ($1.00) in recognition of the fact that his constitutional rights were violated.

# INSTRUCTION NO. 5

If you find for the Plaintiff, Glenn Odom, under Instruction No. 2, then you may, but are not required to, assess damages to punish the Defendant, Hobert Huddleston, for his conduct and to serve as an example or warning to him and others not to engage in similar conduct in the future. These damages are called "punitive damages." Mr. Odom must establish that punitive damages should be assessed against Mr. Huddleston by a preponderance of the evidence.

You may assess punitive damages only if you find that Mr. Huddleston's conduct was "malicious" or in "reckless disregard" of Mr. Odom's rights. Conduct is "malicious" if it is accompanied by ill will or spite, or is done for the purpose of injuring the plaintiff. Conduct is in "reckless disregard" of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights.

If you decide that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. The following factors should guide you in fixing the proper amount: (1) the reprehensibility of the particular defendant's conduct; (2) the impact of the particular defendant's conduct on the plaintiff; (3) the likelihood that the particular defendant would repeat the conduct if an award of punitive damages is not made; and (4) the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the plaintiff.

# VERDICT FORM NO. 1

**QUESTION 1.** Do you find from a preponderance of the evidence that the Plaintiff, Glenn Odom, has established:

(1) There was a substantial risk of serious harm to Mr. Odom — namely, a substantial risk that Mr. Odom would be attacked by another inmate;

(2) Mr. Huddleston was deliberately indifferent to that risk; and

(3) Mr. Huddleston's deliberate indifference to a known risk caused injuries to Mr. Odom.

YES _____                                           NO _____

_____
Foreperson

_____
Date

**IF YOU ANSWERED "YES" TO QUESTION 1, THEN PLEASE PROCEED TO VERDICT FORM NO. 2.**

**IF YOU ANSWERED "NO" TO QUESTION 1, THEN YOUR VERDICT IS NOW COMPLETE, AND YOU SHOULD RETURN TO THE COURTROOM.**

# VERDICT FORM NO. 2

**QUESTION 1.** If you answered "YES" to the Question on Verdict Form No. 1, what sum of money do you find from a preponderance of the evidence to be the total amount of Plaintiff Glenn Odom's "compensatory damages," as explained in Instruction No. 3? If you find that Mr. Odom has no "compensatory damages," as explained in Instruction No. 3, then you must award the Plaintiff "nominal damages," as explained in Instruction No. 4.

**ANSWER:** $_____.

_____
Foreperson

_____
Date

**REGARDLESS OF YOUR ANSWER, PLEASE PROCEED TO VERDICT FORM NO. 3.**

# VERDICT FORM NO. 3

If you find from a preponderance of the evidence that the Plaintiff, Glenn Odom, is entitled to punitive damages, as discussed in Instruction No. 5, then you must answer the following question.

**QUESTION 1.** If you answered "YES" to Question 1 on Verdict Form No. 1, what amount of "punitive damages," if any, as discussed in Instruction No. 5, do you find to be appropriate to assess against Defendant Hobert Huddleston?

**ANSWER:**   $_____.

_____
Foreperson

_____
Date

**YOUR VERDICT IS NOW COMPLETE, AND YOU SHOULD RETURN TO THE COURTROOM.**